CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 18 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES E. WATTS, ) | |
|     Plaintiff, ) | Civil Action No. 7:07-cv-00323 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| SHERIFF OCTAVIA JOHNSON, ) | By: Samuel G. Wilson |
|     Defendant. ) | United States District Judge |

Plaintiff James E. Watts, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Watts alleges that the defendant violated his rights to due process, equal protection, and access to the courts, and further that she violated the Ex Post Facto Clause. Watts seeks declaratory and injunctive relief, as well as $10,000 in damages plus fees and costs associated with litigation. The court finds that Watts's complaint fails to state a claim upon which the court may grant relief.

I.

On February 2, 2007, Watts pled no contest in the Roanoke City Juvenile and Domestic Relations Court to a charge of using threatening or abusive language over the telephone. Based on this conviction, on March 5, 2007, the Roanoke County Circuit Court found Watts in violation of his probation and revoked six months of a previously suspended 1986 conviction. In addition, based on the same February 2, 2007 conviction, the Roanoke City Circuit Court found Watts in violation of his probation and revoked five months of a previously suspended 2000 conviction. On April 3, 2007, the Virginia Parole Board sent notice to the Roanoke City Jail, where Watts was incarcerated, indicating that Watts had been sentenced to 38 years and 64 months on June 3, 1985 and was released on parole on July 11, 2005. Watts claims that as a result of this notice, he was moved from a medium security cell to a maximum security cell within the Roanoke City Jail without notice or the opportunity to be

heard in the reclassification decision. Watts claims that he appealed the reclassification decision to jail authorities, but never received a response.

Watts also argues that he is provided an inadequate law library and post-conviction legal assistance at the Roanoke City Jail. He complains that the law library has no current case law and materials available, no current supplements in the Virginia Code and court reporters, and that no one is available to assist in legal matters. He states he is granted access to work in the law library for about one hour every other week on average. He complains that the library is a small area and that during access times, employees have conversations which make it difficult to concentrate. He argues that the inadequacies of the law library will cause him to "suffer prejudice in his post[-]conviction matters." Currently, he claims that he has civil and post-conviction matters pending, including a state habeas corpus petition related to the February 2, 2007 conviction, a civil appeal in a domestic relations case, Virginia Parol Board matters, and a divorce proceeding.

Finally, Watts complains that he is being charged $1 per day in room in board at the Roanoke City Jail. He appears to argue that since his original conviction was from 1985, the application of Virginia Code § 53.1-131.3[1] to him is a violation of the Ex Post Facto Clause. He also argues that since trustee inmates and federal inmates are not charged the $1 per day in room and board, the jail has violated his right to equal protection.

## II.

Watts claims that when jail authorities moved him from a medium security cell to a maximum security cell within the Roanoke City Jail without notice or opportunity to be heard in the re-

---

[1] Watts cites Virginia Code § 53.3-131.3 in his complaint, however, no such sections exists. Based on the content of the statute that Watts describes in his complaint, the court finds that Watts intended to challenge § 53.1-131.3.

2

classification decision, they violated his due process rights afforded under the Fourteenth Amendment. In order to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such and unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Further, prisoners do not have a constitutionally recognized liberty interest in a particular security classification nor a constitutional right to be confined in a particular prison. Hewitt v. Helms, 459 U.S. 460, 468 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976). Therefore, the court finds that Watts has failed to state a claim of constitutional magnitude as to his due process claim.

### III.

Watts also complains that the Roanoke City Jail has an inadequate law library. Prisoners are guaranteed reasonable access to both state and federal courts. Ex parte Hull, 312 U.S. 456 (1941); see Procunier v. Martinez, 416 U.S. 396 (1974). However, to state a claim of violation of this right, a prisoner must show some interference with his right or some deficiency in the legal resources available to him, as well as evidence of actual injury or specific harm related to litigation. Lewis v. Casey, 518 U.S. 343 (1996); Strickler, 989 F.2d 1375. While Watts alleges an inadequate law library, he has failed to allege any facts which suggest that these alleged deficiencies have caused him any actual injury or

specific harm. Further, plaintiff's filing of the instant action suggests that his ability to correspond with the courts has not been hindered. Therefore, the court finds that he has failed to state a claim under the First Amendment.

IV.

Virginia Code § 53.1-131.3, enacted in 2003, states that "[a]ny sheriff or jail superintendent may establish a program to charge inmates a reasonable fee, not to exceed $1 per day, to defray the costs associated with the prisoners' keep." Va. Code Ann. § 53.1-131.3 (2007). Watts alleges that because he is currently incarcerated on a probation violation from a 1985 conviction, the defendant is violating the Ex Post Facto Clause of the United States Constitution by charging Watts $1 per day in room and board. The Ex Post Facto Clause of Art. I, § 9, cl. 3, prohibits retroactive punishment of people for acts committed prior to the acts becoming illegal. As incorporated into the Fourteenth Amendment, this prevents a state from 1) charging a defendant with a crime that was not illegal at the time of the crime's commission, 2) aggravating a crime committed prior to enactment of the law, 3) increasing the punishment for a crime after it has been committed, or 4) changing the rules of evidence with respect to a crime already committed. See Calder v. Bull, 3 U.S. 386, 391 (1798). This prohibition is well recognized as applying "only to penal statutes which disadvantage the offender affected by them."[2] Collins v. Youngblood, 497 U.S. 37, 41 (1990) (citing Calder, 3 U.S. at 390-92). The charge for room in board is clearly not punitive in nature. The Fourth Circuit has expressly found that the imposition

---

[2] In United States v. O'Neal, 180 F.3d 115 (4th Cir. 1999), the court applied a two part test in determining whether a law imposes punishment: The court first asks whether the legislature's intent, as discerned from the structure and design of the statute along with any declared legislative intent, was to impose a punishment or merely to enact a civil or regulatory law. Second, even if the legislature did not intend to impose a punishment, a law still may be said to do so if the sanction or disability that it imposes is "so punitive in fact" that the law may not legitimately be viewed as civil in nature. A defendant faces a "heavy burden" in making a showing of such a punitive effect and can succeed only on the "clearest proof." Id. at 122 (citations omitted); see also United States v. Farrow, 364 F.3d 551 (4th Cir. 2004).

4

of a $1 per day room and board charge does not amount to a "punishment or fine." Slade v. Hampton Road Regional Jail, 407 F.3d 243, 251-53 (4th Cir. 2005).

Watts also alleges that because "trustees and inmates held under any federal authority are excluded from being charged" the $1 per day in room and board, this results in "separate classes of prisoners with no relation to security concerns or penological interests." The Equal Protection Clause of the Fourteenth Amendment protects against arbitrary classifications by state actors. See U.S. Const. amend. XIV § 1. Such classifications, however, need only be rationally related to a legitimate state interest "unless a classification trammels fundamental personal rights or is drawn upon inherent suspect distinctions such as race, religion, or alienage . . . ." City of New Orleans v. Dukes, 427 U.S. 297, 303 (1976). Although the Equal Protection Clause protects prisoners from discriminatory treatment by prison officials, prisoners are not a suspect class. See Roller v. Gunn, 107 F.3d 227, 233 (4th Cir. 1997); Pryor v. Brennan, 914 F.2d 921, 923 (7th Cir. 1990); Moss v. Clark, 886 F.2d 686, 690 (4th Cir. 1989). Thus, prison regulations need only survive a reasonableness inquiry, not strict scrutiny. Accordingly, Watts must make a threshold showing (i) that he has been treated differently from others with whom he is similarly situated and (ii) that the unequal treatment was a result of purposeful discrimination. See Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (internal citations omitted). While it may be true that federal inmates and trustee inmates are not assessed the room and board fee, they are not similarly situated to state inmates. Watts explicitly acknowledges in his pleading that there are differences between federal inmates, trustee inmates, and state inmates inasmuch as the federal inmates are only held for short durations and that trustee inmates receive extra good time credits that shorten their sentences. Accordingly, Watts' claims related to the daily charge assessed for room and board are not of a constitutional magnitude and, thus, are not cognizable under § 1983.

## V.

Based on the foregoing, Watts has not presented any claims on which relief can be granted and, therefore the court dismisses his complaint.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff.

**ENTER**: This _18th_ day of July, 2007

_____
United States District Judge

6